Thomson, J.,
delivered the opinion of the court.
The complaint alleges a contract between the plaintiffs and the defendant company, whereby the plaintiffs agreed to deliver to the defendant, during the summer of 1891, one hundred tons of ore to be taken from a silver mine of the plaintiffs; and the defendant agreed to treat the ore in its concentration works at Pittsburg, Colorado, for the sum of $4.00 per ton, and to save for the plaintiffs at least eighty per cent of all the silver which the ore contained, and redeliver the ore to the plaintiffs in the form of concentrates, without loss in value of more than twenty per cent. It is alleged that in accordance with the agreement, plaintiffs, during the time mentioned, delivered to defendant one hundred tons of ore, running in silver twenty-four ounces per ton, but that the defendant.so negligently, carelessly and improperly treated the ore, and wasted the silver, that only thirty and one half per cent of the total value of the ore was saved to the plaintiffs, to their damage in the sum of $1,027.83. The answer was a general denial. The cause was tried by a jury, who returned a verdict in the plaintiffs’ favor for $1,000. The case is here by appeal from the judgment rendered upon the verdict.
*44 Upon a careful examination of the record we are unable to discover any reason for the verdict. The evidence for the plaintiffs tended to show that the contract was made as alleged, that the ore was delivered to the defendant and treated by it, that the concentrates were received by the plaintiffs, and that the agreed charges for treatment were never paid; but, to entitle the plaintiffs to a recovery, evidence was necessary of the amount of silver contained in the ore before treatment, the amount contained in the product of the treatment, and the market value of the ore in its concentrated form at the place where it was received by the plaintiffs; and if it appeared that the concentrates contained less than eighty per cent of the original amount of silver, the plaintiffs would be entitled to verdict and judgment for the difference in value between the concentrates as they should have been and the concentrates as they actually were, less $4.00 per ton for treatment. The parties to the contract agreed upon a Mr. Post, of Leadville, as their assayer, and it seems that some ore was sent to him for assay; but whether this ore was an average sample of the original lot, or of the concentrates, or was in any way representative of entire quantities, so as to furnish a basis upon which to estimate total values, the evidence is silent. The plaintiffs procured an assayer named Robinson to make some assays for them while the ore was being treated, and it appears to be upon his testimony that they rely for their proof of damages. It took the mill several days — about six — to run the entire lot. Mr. Robinson stated that on the first day he took three samples of the ore and assayed them, with a result of eighteen ounces of silver per ton; and that he took and assayed samples on the last day, in which he found twenty-four ounces of silver per ton. He was not at the mill during the intermediate time, and knew nothing about the character of the ore that was run between the first and last day. He took no samples of that ore. The foregoing was the only evidence which the jury had of the amount of silver in the one hundred ton lot. It is impossible to make any finding *45 upon such evidence. Concerning the principal part of the ore there was no proof whatever, and the assays that were made must be fortified by supposition to be regarded as tests of those portions from which the samples were taken. The evidence concerning the silver contents of the concentrates was of the same character, and equally worthless. There was no proof of the money value of the ore either in its original or concentrated form. Mr. Robinson stated that in the fall of 1891 silver was worth 96 cents per ounce, and this was all that was said upon the subject. That was the price of silver after it had been extracted from the ore. It was no evidence of the value of the ore itself, even if its contents were accuretely known, or of the concentrates, which are nothing but ore reduced in bulk. Even with silver at 96 cents per ounce, the ore as ore might be worthless. The treatment charges for extracting the silver, the loss in treatment, and the expense of transportation to the place where such treatment could be had, might equal or exceed the the silver value.
There is in the record an utter want of evidence to support the verdict, and the judgment must be reversed.

Reversed.